IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGEL DEAL SYNDICATE, LLC<br><br>Plaintiff,<br><br>v.<br><br>TECSO CHARGE ZONE LIMITED,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:26-CV-2071-RP |

**ORDER**

Before the Court is Defendant TECSO Charge Zone Limited's ("TECSO") Renewed Motion to Dismiss and Motion to Stay Arbitration. (Dkt. 11). Plaintiff Angel Deal Syndicate ("ADS") filed a response, (Dkt. 14), and TECSO filed a reply, (Dkt. 15). Having considered the parties' briefs, the record, and the relevant law, the Court finds that it should (1) deny the request to strike the First Amended Complaint, (Dkt. 9), (2) deny the motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1), (3) deny the motion to dismiss based on insufficient service of process under Rule 12(b)(5), quash the prior service on TECSO and order alternate service on TECSO, and (4) order jurisdictional discovery before the Court rules on the pending motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) motion to dismiss and the pending motion to stay arbitration.

**I. Request to Strike First Amended Complaint**

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*,

283 F.3d 282, 286 (5th Cir. 2002). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Here, Rule 15(a)(1)(B) would have allowed ADS to amend its complaint once as a matter of course within twenty-one days after service of TECSO's first motion to dismiss. Because TECSO served that motion on August 25, 2026, (First Mot. to Dismiss, Dkt. 6), ADS's as-of-right period expired on September 15, 2026. After that date, ADS could only amend its complaint under Rule 15(a)(2), which requires opposing party's consent or the court's leave. ADS filed its First Amended Complaint on October 9, 2026, (Am. Compl., Dkt. 9), about three weeks after the expiration of its as-of-right period. Even though ADS did not obtain the opposing party's consent or request the Court's leave, the Court issued a text order on October 28, 2026[1] that acknowledged ADS's First Amended Complaint, mooted TECSO's pending first motion to dismiss, and allowed TECSO to refile a motion to dismiss the amended complaint by November 12, 2026.

As TECSO has pointed out, with some exceptions, "[t]he failure to obtain leave" to file an amended complaint "results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). In *HealthSouth*, the Fifth Circuit approvingly quoted Professors Charles Alan Wright and Arthur R. Miller for the principle that "[i]n general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *Id.* at 295 (quoting 6

[1] TECSO first voiced its objections to the timeliness of ADS's First Amended Complaint on October 29, 2026. (Mot., Dkt. 11, at 8).

WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1484 (2d ed. 1990)). But that same Wright and Miller passage approved of by *HealthSouth* also contains an exception: "an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1484 (2d ed. 1990)). As characterized by the Fifth Circuit, the exception "is limited to situations in which the plaintiff could still re-file the complaint without prejudicing another party." *HealthSouth*, 332 F.3d at 296. Although prejudice was found in *HealthSouth*, the Fifth Circuit expressly sanctioned a district court's decision to "consider[ ] [an] amended complaint filed even though the plaintiff never requested leave" when "it was more procedurally expedient to consider the complaint filed than to strike the amended complaint and then grant leave to file another complaint that raised the exact same issues," especially since "the parties would be in the same position regardless." *Id.* at 296–97.

Here, the Court will treat ADS's First Amended Complaint, (Am. Compl., Dkt. 9), as having been properly filed. The Court finds that it would have granted leave to amend had ADS sought it. The Court further finds that amendment does not prejudice TECSO: the parties will be in the same positions, diversity jurisdiction will be unaffected, and available defenses will remain unchanged. Finally, the Court finds that it is more procedurally expedient to consider the First Amended Complaint than to strike it and grant leave to file another complaint raising the same issues, especially since TECSO's refiled motion to dismiss is now fully briefed. Therefore, the Court considers ADS's First Amended Complaint, (Am. Compl., Dkt. 9), to be in effect and denies TECSO's request to strike or disregard it.

## II. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Here, the First Amended Complaint invokes 28 U.S.C. § 1332(a)(2), which provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" between "citizens of a State and citizens or subjects of a foreign state." The complaint alleges that TECSO is an Indian company and that ADS "is a citizen of Delaware" and is a Delaware limited liability company ("LLC"). (Am. Compl., Dkt. 9, at 2). "For purposes of diversity jurisdiction, 'the citizenship of a LLC is determined by the citizenship of all of its members.'" *Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 734 n.1 (5th Cir. 2017) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008)). A party invoking diversity "must specifically allege the citizenship of every member of every LLC." *SXSW,*

*L.L.C. v. Federal Insurance Co.*, 83 F.4th 405, 407–09 (5th Cir. 2023) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

Here, while ADS's complaint identifies no LLC members and allege no member's citizenship, ADS's response in opposition to the motion to dismiss argues that it "cures the defect here — contemporaneously with this Response — by substantiating on the record its jurisdictional allegations by filing the disclosure required by Federal Rule of Civil Procedure 7.1(a)(2)." (Resp., Dkt. 14, at 6). The Court agrees with ADS and finds that it has cured the jurisdiction defect in the First Amended Complaint. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Applying Section 1653 to allow for jurisdictional amendment, the Fifth Circuit has found proper subject matter jurisdiction even though a plaintiff's "allegations of citizenship did not provide the citizenship of [an LLC's] members" because the parties later submitted a joint letter establishing the citizenship of the LLC's members. *Burdett*, 854 F.3d at 734 n.1. Accordingly, "[u]nder some circumstances, where a plaintiff fails to adequately allege a defendant LLC's membership and citizenship, the same may be substantiated on the record, which may render unnecessary the filing of an amended complaint by a plaintiff solely to clarify defective allegations." *Sollberger v. Humphries*, No. CV 23-1023, 2026 WL 265608, at *13 (E.D. La. Feb. 2, 2026); *see also Rx Solutions, Inc. v. Caremark, LLC*, 164 F.4th 436, 445 (5th Cir. 2026) (holding that despite plaintiff's failure to adequately allege defendant LLC's membership and citizenship, an admission in an answer identifying membership of LLC "supplies a clear basis for diversity jurisdiction" and thus "the record substantiate[d] a basis for diversity jurisdiction").

Here, the Court finds that ADS's Rule 7.1(a)(2) disclosure establishes on the record that ADS has a single member, Val Kleyman, that Kleyman is a citizen of the United States who is domiciled in and a citizen of New Jersey, and that because its sole member is a New Jersey citizen, ADS is a citizen of New Jersey, and of no other State or foreign state, for purposes of diversity

jurisdiction. (Disclosure, Dkt. 13, at 1). Accordingly, the Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) as there is complete diversity between New Jersey citizen ADS, (Disclosure, Dkt. 13, at 1), and Indian citizen TECSO, (Am. Compl., Dkt. 9, at 2), and the amount in controversy exceeds $75,000, (*see* Am. Compl., Dkt. 9, at 2) (seeking "damages in excess of $20,000,000").

**III. 12(b)(5) Motion to Dismiss for Insufficient Service of Process**

For service to be effective, a plaintiff must comply with the mandates of Rule 4. *See* Fed. R. Civ. P. 4. An action may be dismissed for insufficient service of process pursuant to Rule 12(b)(5). A district court cannot exercise personal jurisdiction over a party without proper service of process. *Omni Capital Int'l, Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987). A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). The party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Further, "dismissal of a case is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Escalera v. Bass Fishing & Rentals, LLC*, No. SA-16-CA-1106-XR, 2017 WL 7905503, at *3 (W.D. Tex. Apr. 5, 2017) (internal citations omitted). "Rather than outright dismissal, the Court has discretion to quash the defective service of process and allow the plaintiff another opportunity to effect proper service." *Id.*

Here, ADS delivered the summons and original complaint to CSC, the registered agent for nonparty CHARGE+ZONE Inc., who appears to be unauthorized to accept service of process for TECSO. (*See* Mot., Dkt. 11, at 14) (citing Hariyani Decl., Dkt. 11-2, at 2) ("CSC is not TECSO's registered agent. TECSO did not appoint CSC, CHARGE+ZONE Inc., or any United States entity to accept service for TECSO."). However, the Court finds that dismissal is not appropriate here as

there is a reasonable prospect that ADS ultimately will be able to serve TECSO properly. The Court, in its discretion, will quash service and allow ADS to properly effect service upon TECSO.

ADS's response in opposition to the renewed motion to dismiss requests that the Court "authorize service by electronic service on TECSO's counsel of record, or email under Rule 4(f)(3)." (Resp., Dkt. 14, at 18). "Rule 4(f)(3) provides for service on an individual in a foreign country 'by other means not prohibited by international agreement.'" *STS Prods., Inc. v. Boss Sols. LLC*, No. CV H-19-4003, 2020 WL 13413995, at *4 (S.D. Tex. Jan. 21, 2020) (quoting Fed. R. Civ. P. 4(f)(3)); *see also Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). "Thus, alternative service is permissible if (1) the court permits the alternative method, and (2) international agreement does not prohibit the alternative method." *STS Prods.*, 2020 WL 13413995, at *4. "A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014). "Moreover, '[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" *Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, No. EP-10-CV-364-DB, 2011 WL 13238336, at *2 (W.D. Tex. Mar. 3, 2011) (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

Because TECSO is an Indian company, the Court must first determine whether international agreement prohibits ADS's request for alternative service electronic service on TECSO's counsel of or by email. The Court finds the analysis in *STS Prods.* instructive:

> When India submitted its objections to the Hague Convention in 2007, it objected only to the methods of service described in Article 10. India did not specifically object to service of process by email even though Indian defendants have been subject to email service since at least 2006. Email was widely used in 2007, and if India had an objection to its use, it certainly could have made that objection. The text of the treaty thus supports finding that India's objections to Article 10's methods of service do not include an objection to service by email.

2020 WL 13413995, at *4. Other courts have likewise found that service by email is not included in India's specific objections under Article 10. *See, e.g.*, *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *2–3 (S.D.N.Y. Dec. 2, 2019); *Patrick's Restaurant, LLC v. Singh*, No. 18-CV-00764 (ECT/KMM), 2019 WL 121250, at *3 (D. Minn. Jan. 7, 2019) (collecting cases). Thus, the Court can authorize alternative service on TECSO by email.

Next, the Court addresses whether it should exercise its discretion to authorize alternative service by electronic service on TECSO's counsel of record or by email in this case. Constitutional due process requires only that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Kendavis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "To satisfy due process requirements, courts that have permitted service of process through international email service have done so when, for example, the parties have shown prior, successfully-transmitted communications through the proposed email address(es) and when email was one of multiple forms of service attempted." *STS Prods.*, 2020 WL 13413995, at *6 (citing *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. SA-16-cv-00463-OLG, 2018 WL 4688778, at *7 (W.D. Tex. July 5, 2018) (collecting cases)). The Court finds that notice will reach TECSO if sent by electronic service on TECSO's counsel of record and by email. Further, the Court finds that TECSO has actual notice of this lawsuit, as evidenced by their filings with the Court. Thus, the Court finds that alternative service does not offend constitutional notions of due process in this case. Accordingly, the Court will authorize service of process through electronic service on TECSO's counsel of record and by email.

## IV. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the court rules on the motion without an evidentiary hearing, "the plaintiff is required to present only a *prima facie* case for personal," proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not "credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

A federal district court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Because Texas's long-arm statute extends as far as constitutional due process allows, the two-step inquiry "collapses into one federal due process analysis." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Exercising personal jurisdiction over a nonresident defendant is compatible with due process when "(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel*,

517 F.3d at 243 (citation modified). There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

"A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Fifth Circuit has held that the "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation modified).

ADS's First Amended Complaint alleges that "[t]his Court has personal jurisdiction over [TECSO] because [TECSO] conducted business in this State and has sufficient minimum contacts with the State, and because [TECSO] agreed, through the Master Agreement, that the venue for dispute resolution would be Travis County, Texas." (Am. Compl., Dkt. 9, at 2). In light of the demanding general jurisdiction standard and the fact that TECSO is an Indian company, the Court interprets these allegations as an argument that the Court has specific jurisdiction over the case.

In this circuit, specific personal jurisdiction is a claim-specific inquiry. When a plaintiff brings multiple claims that arise out of different forum contacts, the plaintiff must establish specific jurisdiction for each claim. *McFadin*, 587 F.3d at 759. Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel*, 517 F.3d at 243. Conduct unrelated to a plaintiff's claims is irrelevant to the exercise of specific personal jurisdiction. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (stating that the Due Process Clause bars the exercise of specific jurisdiction over claims that do not arise out of the defendant's forum contacts). The touchstone of specific-jurisdiction analysis is "whether the defendant's

conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (cleaned up). Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985).

"Personal jurisdiction, however, is a waivable right." *NavSav Holdings, LLC v. Beber*, 724 F. Supp. 3d 615, 623–24 (E.D. Tex. 2024) (citing *Rudzewicz*, 471 U.S. at 472 n.14). "In fact, 'there are a variety of legal arrangements,' including forum selection clauses, 'by which a litigant may give express or implied consent to the personal jurisdiction of the court.'" *Id.* (citation modified) (quoting *Rudzewicz*, 471 U.S. at 472 n.14)). "Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, . . . their enforcement does not offend due process." *Rudzewicz*, 471 U.S. at 472 n.14 (citation modified). "Choice-of-law provisions and forum-selection clauses are relevant to this minimum-contacts analysis, but they are not dispositive." *Hazim v. Schiel & Denver Pub. Ltd.*, No. CIV.A. H-12-1286, 2015 WL 4545534, at *5 (S.D. Tex. July 28, 2015) (collecting cases).

Under federal law, "[a] forum-selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (per curiam); *see also Marine Chance Shipping v. Sebastian*, 143 F.3d 216, 220 n.16 (5th Cir. 1998) (recognizing that "a valid forum-selection clause is given controlling weight in all but the most exceptional cases"). "Federal district courts in Texas have followed *Kevlin* and denied motions to dismiss for lack of personal jurisdiction when the defendant signed a contract containing a forum selection clause designating Texas." *AlliantGroup, L.P. v. Mols*, No. CV H-16-3114, 2017 WL 432810, at *5 (S.D. Tex. Jan. 30, 2017) (citing *Alliantgroup, L.P. v. Feingold*, No. H–09–0479, 2009 WL 1109093, *6–9 (S.D. Tex. April 24, 2009) (collecting cases)).

Here, TECSO and its chief executive officer who signed the contract at issue, Kartikey Hariyani, appear to have little contact with Texas. (*See* Mot., Dkt. 11, at 12) (citing Hariyani Decl., Dkt. 11-2, at 2) ("[ADS's predecesor] initiated the communications. Hariyani participated from India. No TECSO representative traveled to Texas. TECSO performed no work in Texas in connection with the transaction. The relevant payment came from Hariyani's personal Indian account, not a TECSO or Texas account."). However, the contract at issue has a clause entitled "Dispute; Governing Law; Arbitration." (Contract, Dkt. 9-1, at 10). The clause states that "[g]overning law should be that of the State of Texas, and the venue should be located in Travis County in the State of Texas." (*Id.*). On its own, this forum selection clause may be a sufficient ground for denying TECSO's motion to dismiss for lack of personal jurisdiction.

TECSO first argues that "[r]ead in context, that language appears in a mediation-and-arbitration provision. It is not a consent to plenary merits jurisdiction in a Texas federal court federal court, and the provision allows judgment to be entered only in a court 'having jurisdiction.'" (Mot. Dkt. 11, at 12–13). But even under this reading that the contractual language refers to the forum for arbitration, "[w]hen a party agrees to arbitrate in a particular state, via explicit or implicit consent, the district courts of the agreed-upon state may exercise personal jurisdiction over the parties for the limited purpose of compelling arbitration." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016). Moreover, while the contractual language is unclear, the title of the clause starts with "Dispute" and the sentence providing for choice-of-law and forum selection can be read as a standalone clause rather than as cabined by the preceding sentences dealing with arbitration. Accordingly, before the Court rules on a motion to dismiss for lack of personal jurisdiction, the Court requests a more developed record on the drafting of this clause, including information on which party drafted it.

TECSO next argues that this contractual language cannot establish personal "jurisdiction without first establishing that TECSO is the contracting party." (Mot. Dkt. 11, at 13). Both TECSO and ADS rely largely on the contract's language and Hariyani's declaration for support of their argument that TECSO is or is not the contracting party. TECSO argues that the documents "identify a 'Member' called 'CHARGE+ZONE,' not TECSO Charge Zone Limited. Hariyani's signature as 'Member Representative' does not, by itself, identify which legal entity was represented, establish that he signed for TECSO, or erase the distinction among Charge Zone-branded entities." (Mot. Dkt. 11, at 13). ADS counters that "TECSO fails to point to any other party that could be bound to the arbitration agreement other than itself," noting that "TECSO's supporting affidavit [does not] identify any other party alleged to be bound." (Resp., Dkt. 14, at 10). Further, ADS points out that the contract identifies the "Member" as "the company named CHARGE+ZONE" located at "401 Benison Complex, OP Road, Vadodara 390007, Gujarat, India." (*Id.*) (quoting (Contract, Dkt. 9-1, at 1, 11–12)).

Upon the Court's review of the contract's language and Hariyani's declaration, the Court is persuaded by ADS's argument, especially because the declaration (1) names only one other CHARGE+ZONE branded entity, CHARGE+ZONE Inc., which is identified as a U.S. entity, (Hariyani Decl., Dkt. 11-2, at 1), that the Court finds is unlikely to be located at the Indian address provided in the contract, (2) states that Hariyani is only the founder of CHARGE+ZONE Inc., while he is both the founder and chief executive officer of TECSO, (*id.*), which the Court finds to suggest that Hariyani only has the power to bind TECSO through contract, and (3) acknowledges that "TECSO's relevant communications and activities concerning Newchip occurred from outside Texas," (*id.* at 2), which the Court finds to concede that TECSO was involved in communications about the contract, even if not necessarily conceding it's the signing party. Accordingly, before the

Court rules on a motion to dismiss for lack of personal jurisdiction, the Court wants a more developed record on whether TECSO is the contracting party bound by the arbitration provision.

TECSO finally argues that "[o]ther entities' contacts cannot be imputed to TECSO" and that "TECSO and CHARGE+ZONE Inc. are separate legal entities; neither owns or controls the other; and neither can bind the other absent separately granted authority." (Mot. Dkt. 11, at 14). While ADS responds that it "has pleaded that TECSO is the same enterprise as, the successor to, and the assignee and alter ego of the contracting 'CHARGE+ZONE,' and is estopped from denying its obligations," the Court finds that the First Amended Complaint's allegations are conclusory. Accordingly, before the Court rules on a motion to dismiss for lack of personal jurisdiction, the Court wants a more developed record on whether other entities' contacts can be imputed on TECSO through theories that bind nonsignatories.

For the foregoing reasons, the Court finds that limited jurisdictional discovery would aid its resolution of the pending motion to dismiss for lack of personal jurisdiction. ADS asks in the alternative for "targeted discovery to resolve any remaining jurisdictional fact questions." (Response, Dkt. 14, at 5). TECSO responds that "[i]f [jurisdictional] discovery is permitted, it should be confined to the identity of the contracting entity, Hariyani's authority to execute the December 2021 documents for TECSO, [and] TECSO's own Texas directed conduct . . . . It should not extend to financing events, warrant performance, damages, or other merits issues." (Reply, Dkt. 15, at 10). The Court finds that the limitations on jurisdictional discovery requested by TECSO are warranted.

As the party opposing dismissal and requesting discovery, ADS has the "burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citation omitted). ADS can meet its burden by alleging facts that "suggest with reasonable particularity the possible existence of the requisite contacts" between TECSO and the forum state. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citation and

quotation marks omitted). District courts have "broad discretion in all discovery matters," but should not permit jurisdictional discovery if "the lack of personal jurisdiction is clear [and] discovery would serve no purpose." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Here, there is a disputed issue of fact—is TECSO the contracting party who agreed to arbitrate or is otherwise bound by the arbitration provision?—that is central to the issue of the Court's exercise of personal jurisdiction. Discovery is appropriate to resolve this factual dispute.

Accordingly, the Court will order the parties to conduct jurisdictional discovery on an expedited basis. This discovery should be limited to the identity of the contracting entity, Hariyani's authority to execute the December 2021 documents for TECSO, and TECSO's own Texas directed conduct. It should not extend to any merits issues. The Court will further order that after the close of jurisdictional discovery, the parties will provide supplemental briefing on the pending motion to dismiss for lack of personal jurisdiction that incorporates new evidence uncovered during discovery. The Court will finally order the parties to submit to the Court a joint agreed schedule setting deadlines for this discovery and briefing.

## IV. Motion to Stay Arbitration

TECSO's Renewed Motion to Dismiss and Motion to Stay Arbitration "requests that the Court stay *Angel Deal Syndicate, LLC v. TECSO Charge Zone Limited*, ICDR Case No. 01-26-0005-8117, pending resolution of" the motion to dismiss, which challenges "subject-matter jurisdiction, personal jurisdiction, service, and, if the Court has jurisdiction to reach the question, whether TECSO agreed to arbitrate." (Mot., Dkt. 11, at 20). While this Order has resolved the challenges to subject-matter jurisdiction and service, the Order has left unresolved the challenge to personal jurisdiction and the question of whether TECSO agreed to arbitration, which will be further developed during jurisdictional discovery. Thus, the Court must determine whether to stay the arbitration proceedings in the arbitration tribunal pending the resolution of these issues.

"[C]ase law clearly establishes that, in the appropriate circumstances, such an order [to stay an arbitration] is within the power of the district court." *Tai Ping Ins. Co. v. M/V Warschau*, 731 F.2d 1141, 1144 (5th Cir. 1984). Likewise, the Court has previously enjoined a party from pursuing its arbitration claims in an arbitration tribunal while the litigation in federal court was pending. *See Pershing LLC v. Fulcrum Cap. Holdings LLC*, No. 1:20-CV-587-RP, 2020 WL 3883256, at *9 (W.D. Tex. July 9, 2020). Here, TECSO "seeks analogous relief," (Mot., Dkt. 11, at 17), to the relief the court granted in *Pershing LLC v. Fulcrum Cap. Holdings LLC*, No. 1:20-CV-587-RP, 2020 WL 3883256 (W.D. Tex. July 9, 2020). In *Pershing*, the court granted the request for a preliminary injunction after determining that the movant had demonstrated a "substantial likelihood of success on the merits, substantial threat of irreparable harm absent an injunction, a balance of hardships in [its] favor, and no disservice to the public interest." *Pershing*, 2020 WL 3883256, at *3 (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013)). Both TECSO and ADS focus their briefing on these four factors, (*see* Mot., Dkt. 11, at 16–19; Resp., Dkt. 14, at 9–15), and ADS argues that "[t]he irreparable-harm, balance-of-equities, and public-interest findings in *Pershing* all follow from, and depend upon, the court's threshold conclusion that the movant had already shown a likelihood of success on its contention that it was not obligated to arbitrate." (Resp., Dkt. 14, at 10).

While it unclear to the Court from the parties' briefing whether (1) the legal standard to preliminarily stay an arbitration proceeding is identical to the standard to preliminarily enjoin a party from pursuing an arbitration proceeding or (2) whether TECSO is seeking a stay or a preliminary injunction, the Court finds that the question of whether TECSO is the contracting party who agreed to arbitrate is key to determining whether the Court can grant any form of injunctive relief. And since the jurisdictional discovery this Court has ordered will develop the record on whether TECSO is the contracting party or is otherwise bound by the arbitration provision, the Court finds that it is

prudent to wait to resolve the pending request to stay arbitration until the completion of jurisdictional discovery. The Court further finds that additional briefing on the proper legal standard to preliminarily stay an arbitration proceeding and TECSO's requested legal mechanism for relief would aid its decision. Accordingly, the Court will order the parties to also brief these issues, along with any other desired supplemental briefing on the pending motion stay, within their supplemental briefing on the pending motion to dismiss for lack of personal jurisdiction. While the Court acknowledges that deferring its resolution of the motion to stay arbitration until the close of jurisdiction discovery effectively denies TECSO's request of a stay "pending resolution of . . . personal jurisdiction" and "whether TECSO agreed to arbitrate," as those issues will be fully briefed before the Court will address the stay request, the Court at that time may have sufficient information to instead grant a request for a more lasting stay of the arbitration.

## III. CONCLUSION

For these reasons, the Court considers ADS's First Amended Complaint, (Am. Compl., Dkt. 9), to be in effect and **ORDERS** that TECSO's request to strike or disregard it, (Mot., Dkt. 11, at 8), is **DENIED**.

**IT IS ORDERED** that TECSO's Renewed Motion to Dismiss based on subject matter jurisdiction under Rule 12(b)(1), (Mot., Dkt. 11, at 9), and Renewed Motion to Dismiss based on insufficient service of process under Rule 12(b)(5), (Mot., Dkt. 11, at 14–15), are **DENIED**.

**IT IS FURTHER ORDERED** that service is **QUASHED**.

**IT IS FURTHER ORDERED** that ADS shall effectuate alternative service of process through electronic service on TECSO's counsel of record and by email **on or before November 23, 2026**.

Finally, the Court **GRANTS** ADS's request for jurisdictional discovery and **ORDERS** that the parties conduct jurisdictional discovery on an expedited basis. This discovery should be limited

to the identity of the contracting entity, Hariyani's authority to execute the December 2021 documents for TECSO, and TECSO's own Texas directed conduct. It should not extend to any merits issues. **IT IS FURTHER ORDERED** that after the close of jurisdictional discovery, the parties will provide supplemental briefing on the pending Renewed Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), (Mot., Dkt. 11, at 11–14), that incorporates newly discovered evidence and provide supplemental briefing on the pending Motion to Stay Arbitration, (Mot., Dkt. 11, at 16–19), that addresses the proper legal standard to preliminarily stay an arbitration proceeding, TECSO's requested legal mechanism for relief, and any other desired briefing on the motion to stay. **IT IS FINALLY ORDERED** that the parties shall submit to the Court a joint agreed schedule setting deadlines for this discovery and briefing **on or before November 23, 2026.**

The Court will not decide the pending Renewed Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), (Mot., Dkt. 11, at 11–14), and the pending Motion to Stay Arbitration, (Mot., Dkt. 11, at 16–19), until the completion of this jurisdictional discovery and briefing.

**SIGNED** on November 16, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE